[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-15549
Non-Argument Calendar

_____

D. C. Docket No. 99-06195-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS BERGER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 15, 2005)**

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Thomas Berger was convicted by a jury of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 371. The district court sentenced Berger to 76 months' imprisonment.[1] We affirmed. United States v. Berger, No. 03-15549 (Dec. 6, 2004). The Supreme Court vacated the opinion and remanded the case to us for consideration in light of United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 755 (2005). See Berger v. United States, 125 S.Ct. 2541 (2005).

The relevant facts are straightforward. On May 9, 2000, Berger was indicted for conspiracy to commit wire and mail fraud. The indictment alleged that from February 1993 through December 1995, Berger and nine other co-conspirators participated in a fraudulent scheme to offer and sell single channel 800 MHz specialized mobile radio ("SMR") licenses and 929 MHz shared frequency private carrier paging ("PCP") licenses to individuals throughout the United States.[2] According to the indictment, the co-conspirators carried out the fraudulent scheme

---

[1] The 76 months represents consecutive sentences for the conspiracy conviction and a subsequent failure to appear conviction. The jury trial for the conspiracy case commenced in 2001, and Berger fled the jurisdiction after his conviction. The government then indicted him on bond-jumping charges. Berger was apprehended in 2003, pleaded guilty to the bond-jumping charge, and proceeded to sentencing for both cases. Berger received 60 months for conspiracy and 16 months for his failure to appear.

[2] An SMR license is required by the Federal Communications Commission ("FCC") for the operation of land mobile communication services in the 800 and 900 MHz range. The FCC requires a PCP license for the operation of paging or beeper services within the 929-931 MHz radio frequency.

through three corporations. As to Berger's personal involvement, the indictment charged that he had (1) incorporated and acted as president of one of the corporations ("Comcoa"); (2) directed the production of commercials to attract victims; (3) recruited and trained employees; and (4) wired money from Comcoa to various bank accounts from February through March 1994.

The jury found Berger guilty of the charged conspiracy. On the verdict form, the jury indicated that (1) a single conspiracy existed, as charged in the indictment; (2) Berger was a member of that conspiracy; (3) Berger had not withdrawn from the conspiracy prior to May 9, 1995; and (4) a member of the conspiracy had committed an overt act after May 9, 1995.

In preparing the presentence investigation report ("PSI"), the probation officer recommended a base offense level of six, pursuant to U.S.S.G. § 2F1.1(a). As a category III offender, a level six would have subjected Berger to a guidelines range of 2 to 8 months. Beyond the base offense, the PSI also recommended: (1) a 15-level enhancement under § 2F1.1(b)(1)(P) for the amount of loss; (2) a 2-level enhancement under § 2F1.1(b)(2) for more than minimal planning; (3) a 2-level enhancement under § 2F1.1(b)(3) for mass-marketing; (4) a 4-level enhancement under § 3B1.1(a) for Berger's aggravating role in the offense; and (5) a 2-level enhancement under § 3C1.1 for obstruction of justice. These enhancements

3

resulted in a sentencing guideline range of at least 60 months. The district court also sentenced Berger to an additional 16 months for bond-jumping, resulting in a 76-month sentence.

Berger objected to the total amount of loss for which he was held accountable, his aggravating role, and the obstruction of justice enhancement, but later withdrew those objections pursuant to an agreement with the government. Berger then directly appealed to this Court. Based upon the mandatory nature of the guidelines at the time of the appeal, we previously affirmed Berger's conviction and sentence. See United States v. Berger, No. 03-15549 (Dec. 6, 2004). The Supreme Court vacated the opinion and remanded the case to us for consideration in light of Booker. See Berger v. United States, 125 S.Ct. 2541 (2005).

On appeal, Berger argued that the district court erred by imposing an enhanced sentence based upon the inclusion of certain sentence-enhancing acts that were neither submitted to the jury nor proven beyond a reasonable doubt. Berger did not, however, preserve his objections to the sentence. Although Berger initially objected to the enhancements, he later withdrew his objections at sentencing pursuant to an agreement that he previously had reached with the

4

government.[3] In fact, a careful review of the transcript demonstrates not only that Berger received a lighter sentence because the judge did not group the bond-jumping charge with the conspiracy charge, but also that Berger and the Government agreed to the ultimate sentence.

On January 12, 2005, the Supreme Court concluded that <u>Blakely</u> applies to the United States Sentencing Guidelines. <u>United States v. Booker</u>, 543 U.S. __, 125 S.Ct. 738, 755 (2005). Specifically, the Supreme Court determined that the Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the mandatory Sentencing Guidelines, imposes a sentence greater than the maximum authorized by the facts established by the jury or admitted by the defendant. <u>Id.</u> at 749-50, 755-56. The law of our circuit, however, is well established that if a defendant waives all objections to sentencing, that includes issues such as those covered by Apprendi and its progeny.

The situation here is analogous to one in which a defendant waives his right to appeal. <u>United States v. Rubbo</u>, 396 F.3d 1330 (11th Cir. 2005), which is binding precedent, holds that "the right to appeal a sentence based on <u>Apprendi</u> [v.

---

[3] We asked the parties to submit supplemental letter briefs to clarify whether Berger specifically waived his objections. We thank the parties for their candor, as it revealed that Berger indeed waived his objections to the enhancements at the sentencing hearing.

New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed. 2d 435 (2000)] and <u>Booker</u>

grounds can be waived in a plea agreement. Broad waiver language covers those

grounds of appeal." 398 F.3d at 1335.[4] The same is true in Berger's case. A waiver

of sentencing objections "certainly is broad enough to cover any issues arising

from <u>Apprendi</u>...and its progeny, up to and including <u>Booker</u>." 396 F.3d at 1333.

Because Berger ultimately waived all relevant objections at the sentencing

hearing, Berger abandoned those issues on appeal. Thus, despite raising

<u>Blakely</u>/<u>Apprendi</u> issues in his amended initial brief, Berger cannot overcome his

initial waiver.[5] The record indeed reveals the affirmative act of withdrawing all

---

[4] We found that the record in this matter reflected that the Appellant had a full understanding of the federal sentencing process and of the fact that he was waiving his appellate rights.

[5] Even if we did not consider Berger's waiver as preventing him from raising <u>Booker</u>, Berger's case would not survive a plain error analysis because he waived all objections at sentencing. Under these circumstances, we would have to review Berger's claim in the context of the plain error standard. <u>See</u> <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1298 (11th Cir.) cert. denied ___ S.Ct. ___, ___ U.S. ___ (Jun. 20, 2005) (applying plain error review to a <u>Blakely</u> claim that the appellant failed to raise in the district court).
   This Court may not correct an error that the defendant failed to raise in the district court unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights." Id. (internal quotation and citation omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation and citation omitted).
   The third prong of this test would require Berger to prove that the plain error "affects [his] substantial rights," and that the error "actually did make a difference." <u>Rodriguez</u>, 398 F.3d at 1298. Berger's argument simply does not meet the test of showing that he would have received a lesser sentence had the guidelines not been mandatory. "If we have to speculate concerning the result in the district court without the error, 'then the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error; he has not met

objections and the acceptance of a sentence agreed to by Berger, the Government, and the sentencing judge. Accordingly, we reinstate our previous opinion in this case and affirm the Defendant's conviction and sentence after our reconsideration in light of <u>Booker</u>, pursuant to the Supreme Court's mandate.

**OPINION REINSTATED. CONVICTION AND SENTENCE AFFIRMED.**

---

his burden of showing prejudice; he has not met his burden of showing that his substantial rights have been affected.'" <u>United States v. Cartwright</u>, ___ F.3d ___ (11th Cir. Jun. 24, 2005)(quoting <u>Rodriguez</u>, 398 F.3d at 1301).